**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**BARBARA T. WHITEHEAD**                                            **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO.:3:13-cv-874-DCB-MTP**

**CAROLYN W. COLVIN**
**Commissioner of Social Security Administration**                 **DEFENDANT**

### REPORT AND RECOMMENDATION

Plaintiff Barbara T. Whitehead brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security Administration denying her claim for supplemental security income. The matter is now before the Court on the Defendant's Motion to Affirm the Commissioner's Decision [12]. Having considered the pleadings, the record, and the applicable law and being fully advised in the premises, the undersigned recommends that the Commissioner's decision be AFFIRMED.

### PROCEDURAL HISTORY

On March 25, 2010, Plaintiff applied for supplemental security income ("SSI") under the Social Security Act, alleging disability as of February 15, 2008, due to lower back problems.[1] (Administrative Record [10] at 116-127, 154.)[2] Plaintiff's claim was denied initially and upon reconsideration; thereafter, she requested a hearing before an Administrative Law Judge

---

[1] It appears from the record that Plaintiff may have applied for disability benefits prior to 2010. Certain documents regarding Plaintiff's work history and a consultative examination are included in the record and are dated as early as 2008. ([10] at 143-48; 190-93.)

[2] For ease of reference and pursuant to the Court's Order Directing Filing of Briefs [5], the administrative record is cited to herein by reference to the Court's docket number and docket page number in the federal court record (not the Administrative Record page number).

("ALJ"). ([10] at 49-50, 68.)

On February 10, 2012, a hearing was convened before ALJ Willie Rose. The ALJ heard testimony from Plaintiff and Jerald Everett, a vocational expert ("VE"). ([10] at 28-47.) On February 23, 2012, the ALJ issued a decision finding that Plaintiff was not disabled. ([10] at 9-18.) Plaintiff appealed, and on October 5, 2012, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. ([10] at 5-7.)

Aggrieved by the Commissioner's decision to deny benefits, Plaintiff filed a Complaint in this Court on December 4, 2012, seeking an order reversing the Commissioner's final decision and remanding the case to the Commissioner for a new hearing. (Complaint [1] at 2; Memorandum Brief [11] at 24.) The Commissioner answered the Complaint, denying that Plaintiff is entitled to any relief. (Answer [9].) Parties having briefed the issues in this matter pursuant to the Court's Order [5], the matter is now ripe for decision.

## MEDICAL/FACTUAL HISTORY

Plaintiff was sixty-three years old at the time of the hearing before the ALJ on February 10, 2012. ([10] at 33.) Her alleged disability onset date was February 15, 2008. ([10] at 116.) Plaintiff has a college undergraduate degree and has past work experience as a insurance salesperson and a cell phone salesperson. ([10] at 33-34.) Plaintiff alleges that she is disabled due to lower back pain. ([10] at 154.)

Plaintiff has a history of pain in her knees, obesity, and pain in her lower back associated with lumbosacral joint (L5-S1) spondylolisthesis.[3] Regarding lower back pain, Plaintiff's

---

[3] Spondylolisthesis is the forward displacement of one vertebra over another, usually the fifth lumbar over the body of the sacrum or of the fourth over the fifth. Dorland's Illustrated Medical Dictionary 1684 (29th ed. 2000).

2

medical records reveal that, by September 8, 2005, she had received epidural steroid injections and physical therapy for her lower back pain. ([10] at 290-91.) At that time, the treatments had provided no significant improvement. ([10] at 290-291.) By August, 2007, however, progress notes indicated that pain relievers, cold packs, and muscle relaxers improved Plaintiff's condition. ([10] at 200-01.) Despite the improvement, Plaintiff continued to seek treatment for lower back pain.

On October 4, 2008, Dr. Leslie Fort performed a consultative examination to provide information to the state disability office. ([10] at 190-93.) Dr. Fort observed that Plaintiff "can ambulate, get on and get off the exam table, up and out of the chair and dress and undress herself normally. The patient was able to walk on her heels, heel-to-toe and squat without difficulty. She has difficulty walking on her toes. No assistive device is used or medically required for ambulation." ([10] at 191.) Dr. Fort also found that Plaintiff had no tenderness or decrease in range of motion in her lower back. ([10] at 192.) Dr. Fort concluded that there was "no evidence of functional limitations in the areas of sitting, walking, lifting, carrying, seeing, hearing or speaking." ([10] at 193.)

A radiology report dated October 14, 2008, indicated Plaintiff had severe degenerative narrowing of the lumbosacral disc associated with second degree spondylolisthesis. ([10] at 195.) A physical examination on September 11, 2009, revealed that Plaintiff had tenderness in the muscles of her lower back but had a good range of motion with no significant limitations. ([10] at 204.) In June, 2010, additional radiographs were taken of Plaintiff's back which showed mild disc space narrowing between the thoracic and lumbar vertebra. ([10] at 243.) The radiographs also showed degenerative disc change to the lumbosacral region but no acute changes. ([10] at

243.)

On June 26, 2010, Dr. Fort performed a second consultative examination. ([10] at 246-49.)  During this examination, Plaintiff reported that she was able to stand for five to ten minutes, walk for five minutes, sit for thirty minutes, and lift twenty-five pounds. ([10] at 246.)  Dr. Fort noted that Plaintiff, a well developed, morbidly obese female, was in no apparent distress and was able to "ambulate, get on and off the exam table, up and out of a chair, and dress and undress herself normally . . . walk on her heels, toes, heel-to-toe, and squat without difficult." ([10] at 247.)  According to Dr. Fort, an assistive devise was not medically required for ambulation. ([10] at 247.)  Plaintiff had tenderness in her lower back but no deformity or muscle spasms. ([10] at 248.)  Her lower back range of motion was unremarkable. ([10] at 248.)  Dr. Fort concluded that Plaintiff did not suffer from a significant disability. ([10] at 248.)

In October, 2010, Dr. Thomas Talley, a medical consultant, assessed Plaintiff's medical records.  Dr. Talley found that Plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, stand or walk for 6 hours in an 8-hour day, and push/pull without limitation. ([10] at 263.)  Dr. Talley also found that Plaintiff could not climb ladders, ropes, or scaffolds, but could occasionally climb ramps and stairs and could occasionally stoop and crouch. ([10] at 264.)  Additionally, Plaintiff could frequently balance, kneel, and crawl. ([10] at 264.)

In February 2012, after Plaintiff was denied disability benefits, she saw her general physician, Dr. Robert Giffin. ([10] at 342.)  Dr. Giffen noted Plaintiff's subjective complaints of pain and examined her lower back flexibility. ([10] at 342.)  Dr. Giffin found the following: "flexion to about 80 degrees.  She starts having significant pain then.  She can go another 5 degrees after that, but it is painful.  Extension causes pain.  Lateral rotation in any direction

4

causes pain. Range of motion of the hips full." ([10] at 342.)  Dr. Giffin concluded that, "[f]unctionally she has not been able to go back to work and hold a job either." ([10] at 342.)  Dr. Giffin, however, also noted that, [p]hysically it is difficult to find single exam impairment.  I do not have the ability to do full functional testing as in a physical therapy department." ([10] at 342.)

Regarding Plaintiff's knee pain, the medical records reveal that she underwent arthroscopic surgery on her right knee. ([10] at 300.)  In September, 2011, Plaintiff complained of pain, and the medical professional found moderate swelling and a decrease in her range of motion due to pain but also found that she was able to ambulate. ([10] at 300-05.)  The medical professional recommended that Plaintiff treat her knee with rest, ice, and elevation. ([10] at 316.)

Imaging in September, 2011, showed degenerative changes in the right knee. ([10] at 324.)  During Dr. Giffin's examination of the Plaintiff, he noted crackling sounds or sensations in the right knee but found no instability, swelling, or deformity in either knee. ([10] at 342.)

**BURDEN OF PROOF**

In *Harrell v. Bowen*, the Fifth Circuit detailed the shifting burden of proof that applies to disability determinations:

> An individual applying for disability and SSI benefits bears the initial burden of proving that he is disabled for purposes of the Social Security Act.  Once the claimant satisfies his initial burden, the [Commissioner] then bears the burden of establishing that the claimant is capable of performing substantial gainful activity and therefore, not disabled.  In determining whether or not a claimant is capable of performing substantial gainful activity, the [Commissioner] utilizes a five-step sequential procedure set forth in 20 C.F.R. § 404.1520(b)-(f) (1988):
>
> > 1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings.

5

> 2. An individual who does not have a 'severe impairment' will not be found to be disabled.
>
> 3. An individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.
>
> 4. If an individual is capable of performing the work he has done in the past, a finding of 'not disabled' must be made.
>
> 5. If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

862 F.2d 471, 475 (5th Cir. 1988) (citations and footnotes omitted). A finding that a claimant "is disabled or not disabled at any point in the five-step process is conclusive and terminates the . . . analysis." *Id*.

## ADMINISTRATIVE LAW JUDGE'S ANALYSIS

As previously stated, Plaintiff's hearing before the ALJ occurred on February 10, 2012. On February 23, 2012, after considering the testimony and medical records, the ALJ rendered his decision that Plaintiff was not disabled. ([10] at 9-18.) The ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act though December 31, 2010.

At step one of the evaluation process,[4] the ALJ found that Plaintiff had not engaged in any substantial gainful activity since February 15, 2008, the alleged onset date. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease, spondylolisthesis of the lumbar and thoracic regions of the spine, obesity, and history of remote knee surgery. ([10] at 14-15.)

---

[4] The ALJ applied the evaluation process set forth in 20 C.F.R. §§ 404.1520(b)-(f) and 416.920(a).

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. ([10] at 15.)  In order to make a determination at step four, the ALJ assessed Plaintiff's Residual Functional Capacity ("RFC").[5] The ALJ found that:

> the claimant has the residual functional capacity to lift twenty pounds occasionally and less than ten pounds frequently.  She is able to stand and walk for six hours of an eight-hour period.  She can sit for six hours of an eight-hour period.  She can only occasionally stoop, knell, crouch, crawl, climb and balance.  She is not able to climb ladders, ropes or scaffolds.

([10] at 16.)  According to the ALJ, in making this finding, he considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence and also considered opinion evidence.[6] ([10] at 16.)

At step four, the ALJ found that Plaintiff is capable of performing past relevant work as an insurance salesperson and as a cell phone salesperson.  The ALJ determined that such work does not require the performance of work-related activities precluded by the Plaintiff's RFC.  The ALJ based his conclusion on the testimony from the VE and Plaintiff's RFC.  Accordingly, the ALJ found that Plaintiff was not disabled. ([10] at 17-18.)

## STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to inquiry into whether

---

[5] "Residual Functional Capacity" is defined in the Regulations as the most an individual can still do despite the physical and/or mental limitations that affect what the individual can do in a work setting. 20 C.F.R. § 416.945.

[6] 20 C.F.R. §§ 404.1527; 404.1529 and SSRs 96-4p, 96-7p; 96-2p; 96-5p; 96-6p; and 96-3p.

there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied in evaluating the evidence. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir. 1983). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established." *Id*. (citations omitted). However, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (internal citations and quotations omitted). Conflicts in the evidence are for the Commissioner, not the courts, to resolve. *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990). A court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, "even if the evidence preponderates against" the Commissioner's decision. *Harrell*, 862 F.2d at 475. If the decision is supported by substantial evidence, it is conclusive and must be affirmed. *Selders,* 914 F.2d at 617. Moreover, "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)).

## ANALYSIS

Plaintiff brings this action, arguing that the ALJ erred in making his determinations and the Commissioner erred in accepting those determinations. Plaintiff's arguments for reversing the Commissioner's final decision are discussed below.

*Issue No. 1:   Whether the ALJ erred in assessing the Plaintiff's Residual Functional*

8

*Capacity*

As previously stated, the ALJ assessed Plaintiff's RFC and found that she retains the capacity to perform a range of work consistent with light work as defined in 20 C.F.R. § 404.1567(b). According to the ALJ, he considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. §§ 404.1529; 416.929 and SSRs 96-4p; 96-7p. The ALJ also considered opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527; 416.927 and SSRs 96-2p; 96-6p; and 06-3p.

The Plaintiff argues that the ALJ erred in finding her RFC because the ALJ improperly assessed the credibility of Plaintiff's statements regarding her impairments and improperly assessed the opinions of the medical professionals.

<u>Credibility of Plaintiff's Self Assessment</u>

Plaintiff argues that the ALJ erred in his assessment of Plaintiff's credibility regarding her subjective complaints. An ALJ should consider a claimant's subjective complaints, but a claimant's own statements regarding his or her pain and symptoms are not determinative of disability status. 20 C.F.R. § 404.1529. "The evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ, who has had an opportunity to observe whether the person seems to be disabled." *Loya v. Heckler*, 707 F.2d 211, 215 (5th Cir. 1983).

The ALJ was required to make affirmative findings regarding the Plaintiff's subjective complaints. *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). The ALJ concluded that,

> the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

9

([10] at 16.)

In making this decision, the ALJ was required to consider the objective medical evidence and several other specific categories of evidence to ensure that his determination was clear and specific. The other categories include:

(1) the individual's daily activities;

(2) the location, duration, frequence, and intensity of the individual's symptoms;

(3) factors that precipitate and aggravate the symptoms;

(4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

(5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

(6) any measure other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his back or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

(7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p.

The record indicates that the ALJ considered the medical evidence and Plaintiff's testimony at the hearing. The ALJ detailed his reasons for discounting Plaintiff's credibility:

> The record shows that the claimant's treatment has been limited and conservative. The consultative examiner found that the claimant has a full range of motion in her spine. Physical examination show only slight tenderness in the claimant's spine. While she testified that she uses a cane to ambulate, there is no evidence that it is medically necessary. The record makes only passing reference to participation in physical therapy or steroid injections. Examination notes indicate that she has a full range of motion in all joints.
> . . . .
>
> Dr. Fort reported that the claimant had no evidence of functional limitations in the area of sitting, walking, lifting, carrying, seeing, hearing, or speaking and indicated

>that she was unable to identify any significant disability.
>
>. . . .
>
>A state agency medical consultant assessed the claimant as able to perform light work.

([10] at 16-17.) (internal citations omitted).

The ALJ's finding that Plaintiff's subjective complaints were exaggerated is supported by the evidence, and his reasons are sufficiently articulated in his decision. Although the ALJ's decision does not expressly mention each of the factors listed in SSR 96-7p, the record demonstrates that the ALJ considered those factors. *See Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir. 1994). At the hearing in this case, the ALJ and Plaintiff discussed the Plaintiff's symptoms, daily activities, medication, alleviating measures, and her ability to perform various tasks. ([10] at 35-40.) The ALJ's decision is supported by the evidence as a whole. "Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence." *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990). The ALJ found that the medical evidence was more persuasive than Plaintiff's testimony–precisely the kind of determination an ALJ is best positioned to make.

<u>Weight of the Opinions of the Medical Professionals</u>

Plaintiff objects to the ALJ's weighing of the opinions of the medical professionals. Plaintiff advances two lines of argument in support of this objection. First, Plaintiff asserts that the ALJ failed to properly utilize medical opinions in determining Plaintiff's RFC because he did not give any particular opinion significant weight and failed to provide his rationale for this decision.

Unless a treating source's opinion is given controlling weight, an ALJ is required to

consider the factors set forth at 20 C.F.R. §§ 404.1527(c)(1)-(6) in deciding the weight to give any medical opinion. These factors include: (1) whether the source of the opinion has examined the plaintiff; (2) whether the source of the opinion has a treatment relationship with the plaintiff, and the nature, extent, and length of the treatment relationship; (3) whether the opinion is supported by relevant evidence; (4) whether the opinion is consistent with the record as a whole; (5) whether the source of the opinion is a specialist; (6) any other factors that support or contradict the opinion (including "the amount of understanding of our disability programs and their evidentiary requirements that an acceptable medical source has"). 20 C.F.R. §§ 404.1527(c)(1)-(6).

The ALJ did not give a treating source controlling weight; therefore, the ALJ was required to explain his decisions regarding the weight he afforded the medical professionals' opinions. As summarized by the ALJ, Dr. Fort's opinion was that Plaintiff had no functional limitations in the areas of sitting, walking, lifting, carrying, seeing, hearing, or speaking and that Plaintiff had no significant disability. ([10] at 17.) The ALJ assigned this opinion "limited weight." ([10] at 17.) Dr. Talley's opinion was that Plaintiff could perform light work. ([10] at 17.) Specifically, Dr. Talley found that Plaintiff could not climb ladders, ropes, or scaffolds; could occasionally climb ramps/stairs, stoop, and crouch; and could frequently balance, kneel, and crawl. ([10] at 17.) The ALJ assigned this opinion "some weight." ([10] at 17.)

The record demonstrates that the ALJ was aware of the treatment relationship between Plaintiff, Dr. Fort, and Dr. Talley. The ALJ noted that Dr. Fort performed two consultative examinations on Plaintiff. ([10] at 15.) The ALJ noted that Dr. Talley performed a consultative assessment of Plaintiff's medical records. ([10] at 17.) The ALJ also discussed the relevant

12

evidence concerning these doctors' opinions. Dr. Fort's opinion that Plaintiff had *no* functional limitations in the areas of sitting, walking, lifting, carrying, seeing, hearing, or speaking was afforded only limited weight as the ALJ noted evidence of Plaintiff's obesity, back impairments, and remote knee surgery. ([10] at 17.)

Although the ALJ's decision does not expressly mention each of the factors listed in 20 C.F.R. §§ 404.1527(c), the record demonstrates that the ALJ considered those factors. The undersigned finds that the ALJ sufficiently explained the weight afforded to the medical opinion evidence. Additionally, the ALJ's decision states the he "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." ([10]at 16.)

Regarding Dr. Giffin's opinion, Plaintiff argues that the ALJ erred in failing to give adequate weight to this treating physician's opinion. A treating physician's opinion on the nature and severity of a patient's impairment must be accorded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2). The law, however, is clear that the ALJ has the sole responsibility for determining a claimant's disability status and is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). A treating physician's opinions are not conclusive and may be assigned little or no weight when good cause is shown. *Id.* at 456. Good cause exists when the treating physician's opinions are so brief and conclusory that they lack persuasive weight, when they are not supported by medically acceptable techniques, or when the evidence supports a different conclusion. *Id.* The regulations require the

ALJ to perform a detailed analysis of a treating physician's views under the criteria set forth in 20 C.F.R. §§ 1527(c), 416.927(c)[7] in the absence of controverting medical evidence from other treating and/or examining physicians. *Id*. at 453.

Dr. Giffin is a general practitioner and not a specialist. ([10] at 31-32.) He concluded that, "[f]unctionally she has not been able to go back to work and hold a job either." ([10] at 342.) The ALJ declined to give Dr. Giffin's opinion controlling weight, but afforded it limited weight. The evidence supports the ALJ's decision to afford Dr. Giffin's opinion limited weight.

Dr. Giffin's opinion is conclusory and not properly based on objective testing or findings. "[A] physician's conclusory opinion of disability intrudes upon an area reserved to the Commissioner, and the ALJ may reject such an opinion without reference to the factors used to evaluate a typical medical opinion." *Sanchez v. Astrue*, 265 Fed. App'x 359, 361 (5th Cir. 2008) (citing *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003)). Moreover, it is contradicted by the evidence and by Dr. Giffin's own records. Dr. Giffin's notes state that "[p]hysically it is difficult to find single exam impairment. I do not have the ability to do full functional testing as in a physical therapy department." ([10] at 342.) Based on these factors and the totality of the evidence, the ALJ had good cause to discount the opinion of Dr. Giffin.

Plaintiff also argues that the ALJ should have recontacted Dr. Giffin. A medical source will be recontacted for purposes of clarification "when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and

---

[7] Pursuant to 20 C.F.R. §§ 1527(c) and 416.927(c), the factors to be considered are the length of the treatment relationship and the frequency of examination, nature and extent of the treatment relationship, supportability, consistency, specialization, and other factors.

laboratory diagnostic techniques." 20 C.F.R. §§ 404.1512(e); 416.912(e)(1). Additional contact with the medical source, however, is only necessary if "the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled." 20 C.F.R. §§ 404.1512(e); 416.912(e)(1).

Dr. Giffin's opinion was not ambiguous or unclear; it was simply unsupported by his own findings and inconsistent with the other evidence. From the medical evidence available, the ALJ was able to determine whether Plaintiff was disabled. Accordingly, it was unnecessary for the ALJ to recontact Dr. Giffin.

*Issue No. 2:   Whether the ALJ erred in finding that Plaintiff is capable of performing past relevant work.*

Plaintiff argues that the ALJ erred in finding that Plaintiff is capable of performing her past relevant work. Specifically, Plaintiff contends that the ALJ failed to consider the requirements of SSR 82-62. Pursuant to SSR 82-62, an ALJ's analysis of a claimant's ability to perform past relevant work should consist of three distinct findings. The ALJ must first evaluate a claimant's RFC in light of the claimant's physical and/or mental limitations. Next, the ALJ must determine the physical and mental demands of the claimant's past relevant work. Finally, the ALJ must determine whether the claimant can meet the job demands in the second finding despite the limitations in the first finding. SSR82-62; *Latham v. Shalala*, 36 F.3d 482, 484 (5th Cir. 1994).

As previously discussed, the ALJ reviewed the medical records, doctors' opinions, Plaintiff's subjective complaints, and her daily activities to determine Plaintiff's RFC. Based on the substantial evidence, the ALJ found Plaintiff has the RFC "to lift twenty pounds occasionally and less than ten pounds frequently. She is able to stand and walk for six hours of an eight-hour

period. She can sit for six hours of an eight-hour period. She can only occasionally stop, kneel, crouch, crawl, climb and balance. She is not able to climb ladders, ropes or scaffolds." ([10] at 16.)

The ALJ also evaluated the physical and mental demands of Plaintiff's past relevant work. At the hearing, Plaintiff discussed the demands of her prior jobs. ([10] at 43.) Additionally, the ALJ obtained testimony from a VE, who described the demands of Plaintiff's past work history as a insurance salesperson and cell phone salesperson. ([10] at 44.) The VE testified that both jobs were light work.[8]

After discussing Plaintiff's work history, the ALJ asked the VE to assume an individual with Plaintiff's vocational background and RFC. ([10] at 44-45.) Next, the ALJ asked the VE if that hypothetical individual can perform Plaintiff's past relevant work, and the VE stated that the hypothetical person could perform both jobs. The ALJ concluded that, in comparing Plaintiff's RFC with the physical and mental demands of her past relevant work, Plaintiff is able to perform it as actually and generally performed. ([10] at 17.) Substantial evidence supports the ALJ's finding.

Moreover, Plaintiff bears the burden of proving she cannot perform her past relevant work either as she performed it or as it is generally performed in the national economy. 20 C.F.R. §§ 416.920; 404.1520; *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Plaintiff has

---

[8] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567.

failed to prove she cannot perform her past relevant work.

### Issue No. 3:   *Whether the ALJ erred by failing to inquire about possible inconsistencies between the vocational expert's testimony and the Dictionary of Occupational Titles.*

According to Plaintiff, the ALJ failed to ask the VE if his testimony in any way conflicted with the dictionary of occupational titles ("DOT"). Indeed, the ALJ did not ask the VE this question. Plaintiff argues that this failure amounts to reversible error. The ALJ has a duty to fully develop the record of a hearing which requires the ALJ to inquire on the record if the VE's testimony conflicted with the DOT. SSR 00-4p. Therefore, the ALJ erred when he failed to make the inquiry.

However, "[p]rocedural perfection in administrative proceedings is not required," and a court "will not vacate a judgment unless the substantial rights of a party are affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). A violation of a Social Security ruling only warrants reversal when the aggrieved can demonstrate prejudice from the violation. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981); *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000).

Plaintiff has failed to demonstrate that she was prejudiced by the ALJ's failure to inquire on the record if the VE's testimony conflicted with the DOT. Accordingly, remand is not warranted.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned finds that the Commissioner's decision is supported by substantial evidence and utilizes correct legal standards. It is, therefore, the recommendation of the undersigned that the Commissioner's Motion to Affirm [15] be granted

and the denial of benefits affirmed.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the Judge, the Magistrate Judge and the opposing party.  The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 13th day of January, 2014.

s/ Michael T. Parker  
United States Magistrate Judge
